**FILED**

JAN 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

-----

MARK LEE
1011 L St.NW
Washington, D.C. 20001

Plaintiff(s)  :

Vs.

Jesse Jupiter
Department of Orthopedic Surgery
Hand and Upper Extremity Service
15 Parkman Street, WACC 527
Boston, Massachusetts 02114
Or
Orthopedic Associates,
55 Fruit Street, YAW 2162,
Boston, MA 02114
              and
James I Huddleston
Department of Orthopedic Surgery
Hand and Upper Extremity Service
15 Parkman Street, WACC 527
Boston, Massachusetts 02114
              and
Massachusetts General Hospital
15 Parkman Street, WACC 527
Boston, Massachusetts 02114

Defendant(s) :

Case NO.:

CASE NUMBER    1:06CV00151

JUDGE: Gladys Kessler

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 01/30/2006

**JURY ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT

### The Parties

1.  Plaintiff, Mark Lee, is an adult who was seriously injured and can be served at the above-captioned address.

2.  Defendant, Defendant Jesse Jupiter M.D., is a medical doctor employed as an orthopedic surgeon by Defendant Massachusetts General Hospital.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAN 0 9 2006

RECEIVED

3. Defendant, James I Huddleston, is a medical doctor employed as an orthopedic surgeon by Defendant Massachusetts General Hospital.

4. Defendant Massachusetts General Hospital, a corporation duly organized under the laws of Massachusetts, is engaged in the business of providing health care services to the general public, and maintains its place of business at 15 Parkman Street, Boston, Massachusetts 02114.

5. At all times pertinent hereto, Defendant Jesse Jupiter was the employee, ostensible or apparent agent, and/or servant of Defendant Massachusetts General Hospital and held himself out to the Plaintiff and to the general public as a specialist in orthopedic surgery.

6. At all times relevant hereto, Defendant James I Huddleston was the employee, ostensible or apparent agent, and/or servant of Defendant Massachusetts General Hospital and held himself out to the Plaintiff and to the general public as a specialist in orthopedic surgery.

7. The Plaintiff is a citizen of Washington, D.C. while Defendants Jupiter and Huddleston are residents and citizens of Massachusetts and Defendant Massachusetts General Hospital is a Massachusetts corporation located in Massachusetts. The amount in controversy exceeds $ 150,000.00. Diversity jurisdiction exists under 28 U.S.C. § 1332(a) (I), because the matter in controversy exceeds the One Hundred Fifty Thousand Dollars ($150,000), exclusive of interest and costs, and is between citizens of different states.

## COUNT I
### Plaintiff v. Defendant Jesse Jupiter and James Huddleston
### NEGLIGENCE

8.  From January 10 2003 to January 11, 2003, Plaintiff Mark Lee

    underwent a surgical procedure which was performed by Defendants

    Jupiter and Huddleston at Massachusetts General Hospital. The

    purpose of the procedure on the right elbow was to get more extension

    of the joint by cutting an extra bone which had grown since April, 2001

    and blocked movement of the elbow and damaged the nerve. Secondly

    the procedure was to remove an olecranon metal plate at the elbow.

9.  In February, 2004, Plaintiff discovered that bony growths or fragments

    in his right elbow continued to cause pain, limited motion and nerve

    damage as a result of the failure of the procedures performed by

    Defendants Dr. Jupiter and Dr. Huddleston to remove and/or prevent

    the presence of such bony growths or fragments by failing to maintain

    the proper standards of medical care.

10. As a result of the negligently performed surgery, the extra bone was

    still inside Plaintiff's elbow which continues to limit Plaintiff's range of

    motion right  arm and further damages to his nerves and right arm

    structure.  Plaintiff experienced and still experiences a suffering which

    is limited motion of his elbow, pain and weakness of the right arm.

11. As a result of the negligence of the Defendants, Plaintiff required

    additional surgeries. Furthermore, the future surgeries may not reduce

    existing damage because some damage has already become

    permanent since the surgery.

12. As a further result of the negligence of the Defendants, Plaintiff Mark

Lee has incurred medical expenses for the diagnosis, treatment, and cures of his injuries and will incur additional medical expenses in the future.

13. As a further result of the negligence of Defendants, Plaintiff Mark Lee has lost earnings in the past and will suffer a loss and reduction of future earning capacity.

14. As a further result of the negligence of the Defendants, Plaintiff Mark Lee has endured physical pain, mental anguish, discomfort, inconvenience, and distress, and will continue to endure the same in the future.

15. As a further result of the negligence of the Defendants, Plaintiff Mark Lee has endured and will continue to endure in the future, embarrassment and humiliation.

16. As a further result of the conduct of Defendants, Plaintiff Mark Lee has been disabled, inconvenienced, and unable to attend to his life's daily activities and has been deprived of his ability to enjoy life's pleasures, and will continue to suffer these conditions and deprivations in the future.

17. The injuries to Plaintiff Mark Lee were caused jointly and/or severally by the wrongful conduct of the Defendants, as more specifically set forth hereinafter, and the conduct of their agents, apparent and ostensible agents, servants, and/or employees who were acting within the course and scope of their employment, agency, and/or apparent or ostensible agency.

18. All of the preceding paragraphs of this Complaint are incorporated

herein as though set forth fully.

19. Defendant Jesse Jupiter, M.D., was at all relevant times the principal

and

master (or in the alternative, the apparent or ostensible principal and

master) of Defendant James Huddleston while he rendered medical

services to Mark Lee and, as such, is vicariously liable for the negligent

acts of such individual defendant, as described above.

20. Defendant Dr. Jesse Jupiter and Defendant James Huddleston failed

to provide reasonable health care to Plaintiff Mark Lee and were

negligent in the surgery and post-surgery period.

WHEREFORE, Plaintiff respectfully requests damages in excess of

$150,000 and this court's mandatory arbitration limits together with interest

and costs.

## Count II

### Plaintiff vs. Massachusetts General Hospital
### VICARIOUS LIABILITY

21. All of the preceding paragraphs of this Complaint are incorporated

herein as though set forth fully.

22. Defendant Massachusetts General Hospital was principal and master

of the physicians, nurses, and other medical professionals, including

Defendant Jupiter and Defendant Huddleston, who rendered medical

service to Plaintiff on behalf of Defendant Massachusetts General

Hospital, and, as such, is vicariously liable for the negligent acts of such individuals.

23. At all relevant times, Defendant Jupiter and Defendant Huddleston and all of the physicians, nurses, and other medical professionals who treated Plaintiff were agents, employees, and/or servants of Defendant Massachusetts General Hospital, and were providing medical services to Plaintiff on behalf of Defendant Massachusetts General Hospital, in the course and scope of their agency and/or employment.

24. Defendant Massachusetts General Hospital, held out Defendant Jupiter and Defendant Huddleston and all of the physicians, nurses, and other medical professionals who treated Plaintiff as providing medical services on the behalf of Defendant Massachusetts General Hospital, and plaintiff reasonably expected that such physicians and entities were providing

treatment on behalf of Massachusetts General Hospital, so that said Defendant Jupiter and Defendant Huddleston and all of the physicians, nurses, and other medical professionals who treated Plaintiff were the ostensible and apparent agents of Defendant Massachusetts General Hospital.

25. At all relevant times, Defendant Jupiter and Defendant Huddleston and all of the physicians, nurses, and other medical professionals who treated Plaintiff were acting in the course and scope of their employment or agency or apparent agency as agents, servants, or employees of the Defendant Massachusetts General Hospital.

26. Defendant Massachusetts General Hospital, is vicariously liable for the actions and omissions of Defendant Jupiter and Defendant Huddleston as more fully described in the preceding paragraphs of this Complaint, and of all of the physicians, nurses, and other medical professionals who treated Plaintiff as though Defendant Massachusetts General Hospital, performed the acts or omissions itself.

WHEREFORE, Plaintiff respectfully requests damages in excess of $150,000 and this court's mandatory arbitration limits together with interest and costs.

By: _Mark Lee_

Mark Lee,
Plaintiff

## VERIFICATION

I, Mark Lee, hereby state that I am the Plaintiff in the foregoing matter, and verify

that the averments made in Plaintiff's Complaint are true and correct to the best of my

knowledge, information, and belief.

By: _Mark Lee_
Mark Lee

Dated: _1/ 6/ 06_