IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MARK LEE                                :
                                        :
        Plaintiff(s),                :
                                        :
v.                                      :    Case No. 1:06CV00151
                                        :
JESSE JUPITER, ET AL.                   :
                                        :
        Defendants.                  :
---

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ON BEHALF OF MASSACHUSETTS GENERAL HOSPITAL AND JESSE JUPITER, M.D., TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Massachusetts General Hospital ("MGH") and Jesse Jupiter, M.D. ("Dr. Jupiter"), two of the defendants in the above-captioned matter,[1] hereby file this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint for Lack of Personal Jurisdiction ("Memorandum of Points and Authorities").

## INTRODUCTION AND SUMMARY

The Complaint fails to allege that either MGH or Dr. Jupiter are subject to personal jurisdiction in the District of Columbia. This omission is fatal to the Complaint, which must be dismissed accordingly.

Even if Plaintiff's pleading deficiency were to be overlooked, the facts show that neither defendant can be subject to personal jurisdiction in the District of Columbia. The

---

[1] Dr. Huddleston is no longer employed by or otherwise affiliated with MGH. Dr. Huddleston was a senior resident in orthopaedics with MGH in January and February 2003, the time period pertinent to the Complaint. However, that residency has since ended. Neither MGH nor Dr. Jupiter has the authority to accept service of process on behalf of Dr. Huddleston.

specific conduct plead in the Complaint – elbow surgery – took place in Boston, Massachusetts. The Complaint alleges no other specific conduct by either MGH or Dr. Jupiter in the District of Columbia, and, therefore, jurisdiction over MGH and Dr. Jupiter for the specifically alleged conduct is improper.

Moreover, exercising "general" jurisdiction over these defendants would also be improper because neither Defendant has sufficient contact with this jurisdiction to satisfy the general jurisdiction catch-all provision of the District Columbia Code. *See* D.C. Code § 13-422. Because neither MGH nor Dr. Jupiter is subject to the general jurisdiction of this Court, and because Plaintiff has failed to satisfy a fundamental – Constitutionally required – pleading obligation, the Complaint must be dismissed.

## FACTS PERTINENT TO THIS MOTION[2/]

Plaintiff alleges that he underwent surgery conducted by Dr. Jupiter and Dr. Huddleston more than three years ago to resolve issues associated with his right elbow. *See* Complaint, ¶ 8. Although the Complaint recounts the Defendants' alleged conduct and the Plaintiff's alleged injuries, Plaintiff admits that the surgery at issue in this litigation occurred in Boston, Massachusetts, at Massachusetts General Hospital, *see* Complaint ¶ 8, and pleads no other facts pertinent to jurisdiction.

MGH's general corporate conduct does not subject it to general jurisdiction in the District of Columbia. MGH is organized under the laws of the Commonwealth of

---

[2/]   This "Facts" section contains both the allegations pled in the Complaint and also facts contained in the declarations attached to the Motion to Dismiss for Lack of Personal Jurisdiction. This Court may rely on facts outside of the Complaint to decide whether exercising personal jurisdiction over a defendant is proper. *See, e.g., Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171-72 (5th Cir. 1994).

2

Massachusetts. *See* Declaration of Mr. Clark, ¶ 4.[3/] It maintains its principle place of business in Boston, Massachusetts. *See id.*, ¶ 3. MGH does not maintain an office in the District of Columbia, nor does it have any other interest in property in this jurisdiction. *See id.*, ¶ 6.

Similarly, Dr. Jupiter maintains no meaningful professional contacts with the District of Columbia either. He does not practice or otherwise transact business in the District of Columbia, and therefore cannot be considered a domiciliary of this jurisdiction. *See* Declaration of Dr. Jupiter, ¶¶ 4-9. He does not maintain his principle place of business in the District of Columbia. *See id.*, ¶ 3. He does not practice medicine in the District of Columbia, nor has he ever done so. *See id.*, ¶¶ 3, 9. He does not advertise for patients in the District of Columbia. *See id.*, ¶ 4. He has not otherwise engaged in professional conduct in the District of Columbia. *See id.*, ¶ 9. Indeed, aside from attending past orthopedic seminars several years apart, Dr. Jupiter has never visited the District of Columbia on any professional endeavor. *See id.*

ARGUMENT

NEITHER MGH NOR DR. JUPITER ARE SUBJECT TO PERSONAL
JURISDICTION IN THE DISTRICT OF COLUMBIA

Plaintiff has the burden of pleading facts sufficient for the Court to find it has personal jurisdiction over the parties to an action. *See e.g.,* D.C. Code §§ 13-422 (general jurisdiction); 13-423(a) (specific jurisdiction); *GTE New Media Serv. v. Bellsouth Corp.*, 199 F.3d 1343, 1250 (D.C. Cir. 2000); *Atlantigas Corp. v. Nisource Inc.*, 290 F. Supp. 2d

---

[3/]   This Memorandum will refer to the respective Declarations of Mr. Clark and Dr. Jupiter. The declarations are attached to the Motion to Dismiss as Exhibits A and B, respectively.

3

34, 42 (D.D.C. 2003).[4/] Plaintiff's own conduct, or status as a resident of the District of Columbia, cannot be imputed to the defendants. *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State") (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Nor is it relevant to the jurisdictional analysis that Plaintiff is a resident of the District of Columbia because personal jurisdiction is based on Defendants' own conduct and not that of the Plaintiff. *See id.* It is Plaintiff's burden to show that each, individual, defendant has contacts with this jurisdiction sufficient to confer personal jurisdiction. *See id.*

General jurisdiction is proper over a party only where that party is a domiciliary of the District of Columbia, maintains its principal place of business in the District of Columbia, or, in the case of parties that are entities rather than natural persons, where such parties are organized under the laws of the District of Columbia.[5/] *See* D.C. Code Ann. § 13-422; *see also* Moore's Federal Practice and Procedure § 6.03[2] (in the context of Constitutional Due Process "[g]eneral jurisdiction ordinarily exists only when the defendant's connections to the forum are continuous, systematic and substantial.").

---

[4/] The District of Columbia defines "person" to include natural persons, such as Dr. Jupiter, and corporations, such as Massachusetts General Hospital. *See* D.C. Code Ann. § 13-421. Therefore, the same statutory provisions apply equally to both movants.

[5/] The Complaint cannot be read to allege specific jurisdiction because the tort at issue – surgery in Massachusetts – is not and cannot be the basis for conferring personal jurisdiction in the District of Columbia. Specific jurisdiction exists when the cause of action arises out of or has a substantial connection to the defendant's activity in the court's district. *See BPA Int'l Inc. v. Kingdom of Sweden et al.*, 281 F. Supp. 2d 73, 83 (D.D.C. 2003) (citing *Hanson v. Denckla,* 357 U.S. 235, 250-53, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). All actions alleged to have caused Plaintiff's injury occurred elsewhere. Moreover, neither defendant regularly does or solicits business, or engages in any other persistent course of conduct, in the District of Columbia. *See* D.C. Code Ann. § 423(a)(4). If this Court is to exercise personal jurisdiction over either of these defendants, it must be statutorily and Constitutionally permitted as a general matter.

Plaintiff has not sustained his burden of demonstrating that personal jurisdiction is proper here. Plaintiff has not averred that either Defendant is a domiciliary of the District of Columbia, or that either Defendant maintains its principal place in the District of Columbia. *See* D.C. Code Ann. § 13-422. Nor has Plaintiff alleged that MGH, the named defendant-entity, is organized under the laws of the District of Columbia. Plaintiff's failure to plead these basic jurisdiction facts is fatal to the Complaint, and warrants dismissal without further inquiry.

Notwithstanding, even if the Court were inclined to look past Plaintiff's pleading deficiency, under no circumstance could Plaintiff ever meet the minimum thresholds required to exert general jurisdiction pursuant to section 13-422.[6] Indeed, none of the bases for jurisdiction under section 13-422 exist with respect to either MGH or Dr. Jupiter. The respective declarations of Mr. Clark (on behalf of MGH) and Dr. Jupiter show that neither defendant has a principle place of business in this jurisdiction. *See* Declaration of Mr. Clark, ¶ 5; Declaration of Dr. Jupiter, ¶ 3. Neither defendant is domiciled in this jurisdiction. *See* Declaration of Mr. Clark, ¶ 5-6; Declaration of Dr. Jupiter, ¶ 3, 6-9. Finally, MGH, the only entity-defendant in this matter, is organized

---

[6] It should be noted that the general jurisdiction conferred by Section 13-422 is significantly more restrictive than the minimum contacts test used to determine whether the exercise of general jurisdiction comports with Constitutional due process. Compare D.C. Code Ann. § 13-422 with *Helicopteros,* 466 U.S. at 417. As a matter of due process, the exercise of general jurisdiction requires contacts with the forum state that are continuous and systematic. *See id.* As demonstrated by the declarations of Mr. Clark and Dr. Jupiter, Defendants in this matter have far fewer contacts with the District of Columbia than Helicol had with the State of Texas in *Helicopteros. See id.* at 416-17 (finding no general jurisdiction despite the fact that Helicol entered into a contract with a Texas corporation, sent representatives to attend a training in Texas and drew funds from a bank located in Texas). Therefore, even if the Plaintiff had filed a pleading that mirrored the jurisdiction prerequisites set forth in Section 13-422, this Court still could not exercise personal jurisdiction over MGH and Dr. Jupiter without violating due process.

under the laws of the Commonwealth of Massachusetts, not the District of Columbia. *See* Declaration of Mr. Clark, ¶ 4.

The facts of this case are closely analogous to those in *Jenkins v. Coutscoudis*, 941 F. Supp. 5 (D.D.C. 1996), a matter in which this court found no personal jurisdiction to exist over the defendants. The *Jenkins* matter involved litigation over a car accident occurring Virginia. Both Defendants were residents of Virginia. However, the plaintiff was a resident of the District of Columbia and brought suit in this Court. *See id.* at 5. In dismissing the *Jenkins* matter for lack of personal jurisdiction, this Court stated that plaintiff's failure to show that the defendants were domiciled in the District or maintained their principle place of business in the District of Columbia mandated dismissal without further inquiry. *See id.* at 7.

If anything, this litigation presents a stronger case for dismissal than the facts presented in *Jenkins*. The declarations in this matter from Mr. Clark and Dr. Jupiter demonstrate that Plaintiff could not show the jurisdictional facts to exist even if he were granted leave to amend his Complaint. Simply stated, the Defendants' forum connections are neither continuous nor systematic, and they are hardly substantial.

Accordingly, District of Columbia law, Constitutional due process (*see* infra n. 5) and this Court's decision in *Jenkins* require the Court to dismiss this case against MGH and Dr. Jupiter.

<u>CONCLUSION</u>

For these reasons, those expressed in the Motion to Dismiss for Lack of Personal Jurisdiction, and based upon the declarations of Mr. Clark and Dr. Jupiter, as well as for any other reasons that the Court deems just and proper, Defendants respectfully request that this matter be dismissed against MGH and Dr. Jupiter.

Dated: March 7, 2006                    Respectfully submitted,

_____
Bruce D. Sokler, Esq., D.C. Bar No.(205278)
Fernando R. Laguarda, Esq., D.C. Bar No. (449273)
Noam B. Fischman, Esq., D.C. Bar No. (469397)
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
701 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004
(202) 434-7300 Telephone
(202) 434-7400 Fax